# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARY ANNA JOHNSON and RHEANON R. LEVERINGTON, on behalf of themselves and behalf of the Other Similarly Situated Former Employees of Defendant,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 04-2004-LRR** |
| | : | |
| **GMAC MORTGAGE CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT STIPULATION REGARDING CLASS CERTIFICATION, DISPOSITIVE ISSUE FOR THE COURT AND EXTENSION OF DEADLINES

This lawsuit arises out of a reduction in force that occurred on September 16, 2003 in Defendant GMAC Mortgage Corporation's ("GMACM") facilities in Waterloo, Iowa. GMACM operates out of two buildings in Waterloo, the "Fisher Building" and the "Hammond Building." For purposes of liability, the sole disputed liability issue in this case concerns whether these two buildings constitute a single site of employment for purposes of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"), under which Plaintiffs' claims arise.

## I.  CLASS CERTIFICATION

The parties agree and stipulate that a class of former full-time and part-time employees of Defendant who were laid off on September 16, 2003 (the "Class") meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) and shall be certified by the Court as a Class under those rules. The 83 employees in the Class have been specified by individual name and

agreed-to by the parties, as described on the attached Exhibit A.

The parties further agree and stipulate as follows: The Class which numbers 83 is so numerous as to render joinder impracticable and thus meets the numerosity requirement of Rule 23(a)(1). The common questions of law and fact applicable to each Class member overwhelmingly predominate, as the only individual question involves the wages and benefits and offsets, if any, of each Class member, which will determine the damages of each Class Member. Rule 23(a)(2). The claims of the Plaintiffs are typical of the claims of each of the other Class members. Rule 23(a)(3). The Plaintiffs have engaged experienced counsel and will vigorously prosecute the action and thus, will fairly and adequately protect the interests of the Class. Rule 23(a)(4).

The parties further agree and stipulate that if the Court should rule, by way of declaratory judgment, that Defendant's layoff on September 16, 2003 constituted a WARN event, the Class shall convert to a Class certified under Federal Rule of Civil Procedure 23(b)(3) for purposes of providing notice to Class members and assessing monetary relief.

## II.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The parties further agree and stipulate that the Plaintiffs are appointed Class representatives and that the undersigned attorneys for the Plaintiffs are appointed Class Counsel. The Lankenau & Miller firm represents that it has specialized in handling litigation under the WARN Act for the past eight years, has been appointed Class Counsel in over 20 WARN actions and has never been denied appointment.

## III.    DISPOSITIVE ISSUE FOR THE COURT:  SINGLE SITE OF EMPLOYMENT

The parties agree and stipulate that if the Fisher and Hammond Buildings are deemed a single site of employment under the WARN Act, the layoff did not constitute a "mass layoff" and no qualifying event occurred under the WARN Act.

The parties further agree and stipulate that if, however, the Fisher and Hammond Buildings are not deemed a single site of employment under the WARN Act, the layoff of employees at the Fisher Building, a single site of employment, constituted a "mass layoff" and a qualifying event occurred under the WARN Act.

Accordingly, the narrow issue for this Court to determine initially is whether the Fisher and Hammond Buildings are a single site of employment or two separate sites of employment under the WARN Act. If the Fisher and Hammond Buildings are a single site of employment, the Class is not entitled to relief as Defendant's layoff would not constitute a WARN event. If, however, the Fisher and Hammond Buildings are not a single site of employment, the Class is entitled to relief because Defendant's layoff at the Fisher Building constituted a WARN event

## IV.    DEADLINE EXTENSION

The parties agree and stipulate that additional discovery is required concerning whether the Fisher and Hammond Buildings are a single site of employment for purposes of the WARN Act. Accordingly, the parties agree and stipulate, subject to approval by the Court, that the deadline for the close of discovery shall be extended from the current deadline of May 2, 2005 until July 1, 2005, and the deadline for dispositive motions to be filed shall be extended from the current deadline of June 1, 2005 until August 15, 2005. The parties further agree and stipulate, and respectfully request the Court's approval, that the Court's June 1, 2005 deadline for Plaintiffs to move for class certification is mooted by the above stipulation in Section I.

Date: __4/25/05__

_John Lankenau_
John Lankenau
Stuart Miller
Lankenau & Miller, LLP
1775 Broadway, Suite 610

Date: __4/28/05__

_Sarah E. Bouchard_
Sarah E. Bouchard
Jamie M. Kohen
Morgan, Lewis & Bockius LLP
1701 Market Street

-3-

New York, NY 10019

Philadelphia, PA 19103-2921

Frank J. Nidey
NIDEY, PETERSON, ERDAHL
    & TINDAL, P.L.C.
425 Second Street, SE, Suite 365
Cedar Rapids, IA 52401-1834

Mark L. Zaiger
Sarah J. Gayer
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Building, P.O. Box 2107
Cedar Rapids, IA 52406-2107

*Attorneys for Plaintiffs*

*Attorneys for Defendant*

Sarah E. Bouchard
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Jamie M. Kohen
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

John C. Lankenau
Lankenau & Miller, L.L.P
1775 Broadway, Suite 610
New York, NY 10019

Rene S Roupinian
Lankenau & Miller, LLP
1775 Broadway
Suite 610
New York, NY 10019

Julie Hurwitz
Mark Fancher
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE
733 St. Antoine Street, 3rd Floor
Detroit, Michigan 48226

<table>
<tr><td>

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on **4/28/05** by:

[x] Electronically via ECF for ECF registrants
[x] U.S. Mail to

        S. Bouchard
        J. Kohen
        J. Lankenau
        R. Roupinian

*K. Frieden*

</td></tr>
</table>

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| MARY ANNA JOHNSON and RHEANON R. LEVERINGTON, on behalf of themselves and behalf of the Other Similarly Situated Former Employees of Defendant, | : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 04-2004-LRR |
| GMAC MORTGAGE CORPORATION, | : : : |
| Defendant. | : : |

## EXHIBIT A

## Class of 83 part-time and full-time employees
## laid off on September 16, 2003 for more than six months

| | Employee | Employee number |
|---|---|---|
| 1. | T. Adams | 240031 |
| 2. | N. Akkad | 911196 |
| 3. | S. Albert | 910654 |
| 4. | C. Albrecht | 700829 |
| 5. | C. Ambrose | 300339 |
| 6. | D. Bennett | 700500 |
| 7. | S. Borcherding | 700466 |
| 8. | R. Brandhorst | 911455 |
| 9. | L. Briden | 911812 |
| 10. | T. Cagley | 701785 |
| 11. | S. Cashman | 701707 |
| 12. | G. Christianson | 911794 |
| 13. | P. Clinton | 909916 |
| 14. | J. Cole | 700910 |

| 15. | M. Cole | 700814 |
|-----|---------|--------|
| 16. | M. Cole | 910904 |
| 17. | C. Cook | 240029 |
| 18. | K. Cooper | 910494 |
| 19. | S. Delfs | 701835 |
| 20. | N. Denny | 910492 |
| 21. | K. Derifield | 911194 |
| 22. | D. Detweiler | 701881 |
| 23. | J. Dixon | 910795 |
| 24. | J. Dodd | 911190 |
| 25. | B. Everman | 700474 |
| 26. | R. Foss | 701115 |
| 27. | B. Frisbie | 701351 |
| 28. | T. George | 701753 |
| 29. | S. Goodell | 701462 |
| 30. | J. Gordon | 700975 |
| 31. | S. Greenleaf | 701693 |
| 32. | S. Hanna | 701667 |
| 33. | H. Hansen | 910343 |
| 34. | J. Happel | 910451 |
| 35. | L. Harsen | 300152 |
| 36. | R. Hilton | 910844 |
| 37. | S. Horan | 701181 |
| 38. | N. Huert | 910240 |
| 39. | J. Jakubowsky | 910622 |
| 40. | B. Jensen | 701351 |
| 41. | K. Jensen | 701943 |
| 42. | M. Johnson | 700545 |
| 43. | R. Johnson | 700478 |
| 44. | K. Jurries | 700886 |
| 45. | T. Kappmeyer | 911197 |
| 46. | T. Kaye | 700825 |
| 47. | D. Kirchhoff | 701328 |
| 48. | P. Kuehl | 910456 |
| 49. | R. Leverington | 911692 |

| | | |
|---|---|---|
| 50. | A. Leaven | 3000049 |
| 51. | M. Matejka | 701862 |
| 52. | L. McCarty | 911033 |
| 53. | J. McCulloch | 701804 |
| 54. | C. Mendenhall | 300151 |
| 55. | B. Miller | 240009 |
| 56. | M. Moore | 911411 |
| 57. | J. Obermeier | 700321 |
| 58. | K. Parkins | 701860 |
| 59. | M. Patterson | 910544 |
| 60. | K. Pullin | 911412 |
| 61. | J. Ransom | 300077 |
| 62. | R. Rivoire | 700490 |
| 63. | M. Robinson | 911413 |
| 64. | K. Schmidt | 700634 |
| 65. | P. Schneider | 911191 |
| 66. | L. Schwickerath | 700844 |
| 67. | S. Seery | 911118 |
| 68. | L. Sheehan | 910228 |
| 69. | S. Shimp | 700058 |
| 70. | T. Sivola | 911198 |
| 71. | F. Smith | 300213 |
| 72. | M. Smith | 300195 |
| 73. | S. Sorensen | 910458 |
| 74. | C. Sorge | 700749 |
| 75. | B. Steere | 911199 |
| 76. | R. Sweeney | 701601 |
| 77. | C. Taylor | 911200 |
| 78. | A. Teare | 911460 |
| 79. | B. Timmerman | 701383 |
| 80. | M. Warren | 901364 |
| 81. | J. Wauters | 700601 |
| 82. | K. White | 701752 |
| 83. | D. Wilson | 701149 |