# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARYANNA JOHNSON; RHEANON R. LEVERINGTON, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>GMAC MORTGAGE GROUP, INC.,<br><br>        Defendant. | No. 04-CV-2004-LRR<br><br><br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

*I.*     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*    *BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*   *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

      *A.*     *Standard for Preliminary Fairness Review* . . . . . . . . . . . . . . . . . . . . *4*

      *B.*     *Rule 23(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

      *C.*     *Rule 23(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

      *D.*     *Fairness, Reasonableness and Adequacy* . . . . . . . . . . . . . . . . . . *10*

      *E.*     *Notice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*IV.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## I. INTRODUCTION

The matter before the court is the Joint Motion for an Order ("Motion") (docket no. 53), filed by Plaintiffs Maryanna Johnson and Rheanon R. Leverington (collectively the "Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively the "Class"), and Defendant GMAC Mortgage Corporation ("GMACM").

## II. BACKGROUND

Prior to September 16, 2003, GMACM operated two facilities in Waterloo, Iowa: the Fisher Building and the Hammond Building. On September 16, 2003, GMACM laid off eighty-three employees, including Johnson and Leverington, who worked at the Fisher Building. GMACM did not provide notice in advance of the reduction in workforce. The Class is comprised of the eighty-three former GMACM employees who were employed at the Fisher Building.

On January 13, 2004, the Named Plaintiffs filed a class action complaint. On March 22, 2004, the Named Plaintiffs filed an amended class action complaint. In the amended class action complaint, the Named Plaintiffs alleged that GMACM violated the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.*, by conducting a mass layoff without providing notice sixty days in advance.[1]

---

[1] Title 29, United States Code, Section 2102(a) provides:

> **(a) Notice to employees, state dislocated worker units, and local governments.**
> An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order—
> > (1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee;

(continued…)

On April 28, 2005, the Named Plaintiffs and GMACM filed a joint stipulation with the court. In the stipulation, the parties agreed that, "[f]or purposes of liability, the sole disputed liability issue in this case concerns whether [the Fisher and Hammond] buildings constitute a single site of employment for purposes of [the WARN Act] . . . ." The parties sought class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2).

In the joint stipulation, the parties agreed that the Class satisfied the requirements of Rule 23(a). The parties alleged that the Class satisfied those requirements because: (1) a class comprised of eighty-three members is so numerous as to render joinder impracticable; (2) the common question of law and fact is whether the two buildings constitute a single site of employment; (3) the claims of the representative parties are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, the parties agreed that the Class satisfied the requirements of Rule 23(b)(2). In the joint stipulation, the parties sought a declaratory judgment seeking

---

[1](…continued)
       and
       (2) to the State or entity designated by the State to carry out rapid response activities under section 134(a)(2)(A) of the Workforce Investment Act of 1998 [29 U.S.C.A. § 2864(a)(2)(A)], and the chief elected official of the unit of local government within which such closing or layoff is to occur.

If there is more than one such unit, the unit of local government which the employer shall notify is the unit of local government to which the employer pays the highest taxes for the year preceding the year for which the determination is made.

29 U.S.C. § 2102.

resolution of whether the Fisher and Hammond buildings constituted a single site of employment under the WARN Act. Furthermore, the parties agreed that, if the court found the Fisher and Hammond buildings constituted a single site of employment, then the layoff of the employees would be in violation of the WARN Act and the Class would transform into a Rule 23(b)(3) class.

On May 2, 2005, the court granted the requests set forth in the joint stipulation. The court certified the Class under Rules 23(a) and 23(b)(2), appointed the Named Plaintiffs as Class Representatives, appointed the Named Plaintiffs' counsel as Class Counsel and extended several deadlines. In the order, the court stated that, if GMACM violated the WARN Act, then the Class would transform into a Rule 23(b)(3) class.

On February 20, 2006, the Class and GMACM filed the instant Motion. In the Motion, the parties seek preliminary approval of a class action settlement, attorneys' fees and the form and manner of notice of the class action settlement. Additionally, the parties ask the court to schedule a fairness hearing and seek final approval of the settlement after the court has conducted the fairness hearing.

### III. LEGAL ANALYSIS[2]

#### A. Standard for Preliminary Fairness Review

Pursuant to Rule 23(e)(1)(A), "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A). Accordingly, the court has authority to conduct a preliminary fairness

---

[2] The Class Action Fairness Act of 2005 is not applicable to the instant case. The Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, applies to all civil actions commenced on or after February 18, 2005. Class Act Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 26 (codified as amended at 28 U.S.C. §§ 1332, 1453, 1711-15); *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006). In 2004, the Named Plaintiffs filed the complaint and amended complaint.

review of a proposed class action settlement. Manual for Complex Litigation (Fourth) § 32.632 (2004). As a part of a preliminary fairness review, the court must "make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)" and "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id*.

### B. Rule 23(a)

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) . . . ." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) and *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)). Rule 23(a), in relevant part, provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The court will address each requirement in turn.

First, the Class must satisfy the numerosity requirement. Rule 23(a)(1) requires only the impracticality, not the impossibility, of joinder. *United States Fid. & Guar. Co. v. Lord*, 585 F.2d 860, 870 (8th Cir. 1978). In *Lord*, the Eighth Circuit Court of Appeals cited cases that concluded classes comprised of ninety-five, forty-one, twenty and eighteen persons satisfied the numerosity requirement. *Id*. (citing *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Horn v. Associated Wholesale Grocers*, 555 F.2d 270, 275-76 (10th Cir.

5

1977); *Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763 (8th Cir. 1971) and *Cypress v. Newport News Gen.*, 375 F.2d 648 (4th Cir. 1967)). The Class is comprised of eighty-three members. Therefore, the court concludes the Class satisfies the numerosity requirement.

Second, the Class must satisfy the commonality requirement. "Commonality is not required on every question raised in a class action." *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). "Rather, Rule 23 is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *Id.* (quoting *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982)). Here, the common question linking all members of the Class is whether the Fisher and Hammond buildings constituted a single site of employment under the WARN Act. Therefore, the court concludes the Class satisfies the commonality requirement.

Third, the Class must satisfy the typicality requirement. "Typicality under Rule 23(a)(3) means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). "The burden is 'fairly easily met so long as other class members have claims similar to the named plaintiff.'" *Id.* (quoting *DeBoer*, 64 F.3d at 1174). Here, each member of the Class has an identical allegation: GMACM violated the WARN Act by engaging in a mass layoff without providing notice sixty days in advance. Therefore, the court concludes the typicality requirement is satisfied.

Fourth, the Named Plaintiffs must fairly and adequately protect the interests of the Class. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interests between named parties and the class they seek to represent." *Amchem Prods.*, 521 U.S. at 625 (citing *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 157-158, n.13 (1982)). The

court is unaware of any potential conflicts between the Named Plaintiffs and the Class. Additionally, Class Counsel, Lankenau & Miller, L.L.P., will provide adequate representation, especially considering that Class Counsel has filed approximately twenty other suits under the WARN Act. Therefore, the court concludes the Named Plaintiffs will adequately represent the class.

Accordingly, the court finds the Class meets all of the requirements of Rule 23(a).

### C. *Rule 23(b)*

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods.*, 521 U.S. at 614. Rule 23(b), in relevant part, provides:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> > (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> > (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the

> findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b). Rule 23(b)(1) is not relevant to the instant case.

"Rule 23(b)(2) permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" *Amchem Prods.*, 521 U.S. at 614 (quoting Fed. R. Civ. P. 23(b)(2)). "Rule 23(b)(2) is designed for all-or-none cases in which 'final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate.'" *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 897-98 (7th Cir. 1999) (quoting advisory committee's note explaining Rule 23(b)(2)). "Certification under Rule 23(b)(2) is not appropriate, however, in 'cases in which the appropriate final relief relates exclusively or predominately to money damages.'" *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 146 (2d Cir. 2001) (quoting advisory committee's note explaining Rule 23(b)(2)); *accord Jefferson*, 195 F.3d at 898.

In the instant Motion, the parties seek court approval of a monetary settlement. Typically, a monetary settlement is the remedy for a Rule 23(b)(3) class, not a Rule 23(b)(2) class. *Compare Amchem Prods.*, 521 U.S. at 617 (describing the policy goals of Rule 23(b)(3) as overcoming "the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights"), *with In re St. Jude Med., Inc.*, 425 F.3d at 1121 ("Class certification under Rule 23(b)(2) is

8

proper only when the primary relief is declaratory or injunctive.").[3]

Here, the court has not certified the Class for any purpose other than as a Rule 23(b)(2) class for purposes of a declaratory judgment. In the joint stipulation, the parties sought certification of the Class under Rule 23(b)(2). The court certified the Class pursuant to Rule 23(b)(2) for the purpose of seeking a declaratory judgment on the issue of whether the Fisher and Hammond buildings constituted a single site of employment under the WARN Act. Additionally, in the joint stipulation, the parties stipulated that if the court found that the two buildings constituted a single site of employment under the WARN Act, then the Class would transform into a Rule 23(b)(3) class. Moreover, in the court's order granting the joint stipulation, the court stated that if the court found the layoff constituted a violation of the WARN Act, then the Class would convert to a Rule 23(b)(3) class. That is, in certifying the Class under Rule 23(b)(2), the court only certified the Class for the purpose of seeking a declaratory judgment. Therefore, to date, the court has not yet certified the Class under Rule 23(b)(3) for the purpose of a monetary settlement.

The Class should be certified under Rule 23(b)(3), rather than Rule 23(b)(2), because the remedy for violating the WARN Act will be monetary damages. *See, e.g.*, *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162-63 (9th Cir. 2001) (certifying under Rule 23(b)(3) a class comprised of

---

[3] In *DeBoer*, the Eighth Circuit Court of Appeals stated: "When either subsection (b)(1) or (b)(2) is applicable, however, (b)(3) should not be used, so as to avoid unnecessary inconsistencies and compromises in future litigation." 64 F.3d at 1175. That is, a court should not follow the procedural requirements for a Rule 23(b)(3) class when the class has been certified pursuant to Rule 23(b)(1) or 23(b)(2). *See id*. The rule announced in *DeBoer*, however, is not controlling in the instant case because the court certified the Class pursuant to Rule 23(b)(2) only for the purpose of seeking a declaratory judgment. *DeBoer* only applies when the class has not been certified for a limited purpose.

former employees alleging a violation of the WARN Act). "[P]roper interpretation of Rule 23, principles of sound judicial management, and constitutional considerations (due process and jury trial), all lead to the conclusion that in actions for money damages class members are entitled to personal notice and an opportunity to opt out." *Jefferson*, 195 F.3d at 897 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846-47 (1999)); *see also Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir. 2000) ("In a case such as this one, where claims for injunctive relief intermingle with claims for damages, certification of a (b)(2) class without individual treatment of the claims may deny unnamed class members the notice and opt-out protections of Rule 23(b)(3)."). Here, certification under Rule 23(b)(3) is more appropriate than certification under Rule 23(b)(2) because the proposed settlement is a monetary settlement. Therefore, the court concludes preliminary approval of the class action settlement must be denied because the settlement does not allow members of the Class to opt-out.

### D. Fairness, Reasonableness and Adequacy

Because the court has denied preliminary approval of the class action settlement, the court will neither consider the fairness, reasonableness and adequacy of the settlement, nor schedule a fairness hearing

### E. Notice

The parties provided the court with a notice for a Rule 23(b)(2) class. Because the Class should be certified under Rule 23(b)(3), the proposed notice is inadequate. Notice must comply with the requirements of Rule 23(c)(2)(B).

## IV.  CONCLUSION

For the foregoing reasons, the parties' Joint Motion for an Order (docket no. 53) is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA