# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARYANNA JOHNSON and RHEANON R. LEVERINGTON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GMAC MORTGAGE GROUP, INC., <br><br> Defendant. | No. 04-CV-2004-LRR <br><br><br><br> **ORDER** |

_____

## *TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.   RELEVANT PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.    Standard for Preliminary Fairness Review* . . . . . . . . . . . . . . . . . . . *3*
    *B.    Certification* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
        *1.    Rule 23(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
        *2.    Rule 23(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *C.    Fairness, Reasonableness and Adequacy* . . . . . . . . . . . . . . . . . . . *6*
    *D.    Notice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *E.    Scheduling a Fairness Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . *8*

*IV.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## I. INTRODUCTION

The matter before the court is the Joint Motion for an Order ("Motion") (docket no. 57), filed by Plaintiffs Maryanna Johnson and Rheanon R. Leverington (collectively the "Class Representatives"), on behalf of themselves and all others similarly situated (collectively the "Class"), and Defendant GMAC Mortgage Group, Inc. ("GMACM").

## II. RELEVANT PRIOR PROCEEDINGS

On April 28, 2005, the parties filed a Joint Stipulation Regarding Class Certification, in which they sought class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). On May 2, 2005, the court filed an order ("2005 Certification Order") (docket no 40-1) certifying "[a] class of former full-time and part-time employees of [GMACM] who were laid off on September 16, 2003" as a class under Rules 23(a) and 23(b)(2). Attached to the 2005 Certification Order is Court Exhibit A (docket no. 40-2), which lists the eighty-three class members by name and employee number.

On February 20, 2006, the parties filed a Joint Motion for an Order pursuant to Rule 23(b)(2). In the Joint Motion for an Order, the parties sought preliminary approval of a class action settlement, attorneys' fees and the form and manner of notice of the class action settlement. Additionally, the parties asked the court to schedule a fairness hearing and sought final approval of the settlement agreement.

On April 20, 2006, the court filed an order ("Prior Order") denying the Joint Motion for an Order. The court ruled that the Class should have been certified under Federal Rule of Civil Procedure 23(b)(3) rather than Rule 23(b)(2).

On May 19, 2006, the parties filed the instant Motion. In the Motion, the parties seek (1) class certification under Rule 23(b)(3); (2) preliminary approval of a class action settlement (including Class Counsel's attorneys' fees); (3) approval of the form and manner

of notice of the class action settlement; and (4) a fairness hearing. The parties also seek final approval of the stipulation of settlement after the conclusion of the fairness hearing.

### III. LEGAL ANALYSIS

#### A. Standard for Preliminary Fairness Review

Pursuant to Federal Rule of Civil Procedure 23(e)(1)(A), "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A). Accordingly, the court has authority to conduct a preliminary fairness review of a proposed class action settlement. Manual for Complex Litigation (Fourth) § 21.632 (2004). As part of a preliminary fairness review, the court must "make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." *Id.* It must also "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id*.

#### B. Certification

##### 1. Rule 23(a)

In the Prior Order, the court determined that the Class meets all of the requirements of Rule 23(a). The court hereby incorporates by reference its ruling in the Prior Order that the Class meets the requirements of Rule 23(a). As such, the court will turn to consider the requirements of Rule 23(b).

##### 2. Rule 23(b)

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Pursuant to the court's Prior

Order, the instant Motion seeks certification pursuant to Rule 23(b)(3), which, in relevant part, provides:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * *
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b).

Therefore, to be certified, the Class must satisfy the predominance and superiority requirements. In *Amchem*, the Supreme Court explained the policy objectives behind the requirements:

> In adding "predominance" and "superiority" to the qualification-for-certification list, the Advisory Committee sought to cover cases "in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."

*Amchem*, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23 and advisory committee notes). The four factors listed in Rule 23(b)(3) provide a "non-exhaustive list" that a court should consider when coming to its decision. *Id.* at 615-16.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. When "making the determination as to predominance, of utmost importance is whether [the issue is] . . . common to the class and subject to generalized proof, or whether it is instead an issue unique to each class member." *Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005). The common question linking all members of the Class is whether the Fisher Building and the Hammond Building, two facilities that GMACM operated in Waterloo, Iowa, prior to September 16, 2003, constitute a single site of employment under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. This issue is clearly subject to generalized proof. In fact, the parties stipulated that this is the only question in need of resolution. Therefore, there are no questions that affect only individual members of the Class and the predominance requirement of Rule 23(b)(3) is satisfied.

After examining the record the court finds that the Class also meets the superiority requirement. In this case, a class action is superior to other available methods, because it will streamline the claims held by the eighty-three former employees and minimize litigation. Without the Class, some of those employees might be prohibited from seeking relief due to the expense of fees and costs involved in litigation. Also, a class action will reduce the risk of inconsistent judgments as to the issue of whether the Fisher Building and the Hammond Building constitute a single site of employment under the WARN Act.

Moreover, none of the four factors listed in Rule 23(b)(3) weigh against granting a certification. First, the interest of Class members who wish to individually control the

litigation process is adequately protected by the opt-out provisions included within Rule 23. Fed. R. Civ. P. 23(b)(3)(A); *see also* Fed R. Civ. P. 23(c)(2)(B) (providing "that the court will exclude from the class any member who requests exclusion . . . ."). Second, there are no other known lawsuits commenced by any of the Class members against GMACM or pertaining to the same "controversy." Fed. R. Civ. P. 23(b)(3)(B). Third, the Northern District of Iowa is a desirable forum, because at the time of the layoffs all of the Class members were presumably living in or around the Northern District of Iowa, the layoffs occurred in the Northern District of Iowa, and the Fisher Building and the Hammond Building are located in the Northern District of Iowa. Fed. R. Civ. P. 23(b)(3)(C). Fourth, the last factor in Rule 23(b)(3)—"the difficulties likely to be encountered in the management of a class action"—weighs in favor of granting certification of the Class. Fed. R. Civ. P. 23(b)(3)(D). There will be no difficulties in the management of the lawsuit due to the fact that the parties request a "settlement-only class certification." *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Therefore, the court shall grant the instant Motion insofar as it requests certification of the Class under Federal Rule of Civil Procedure 23(b)(3). The Class shall consist of those eighty-three former employees of GMACM who were laid off on September 16, 2003, for six months or longer, and who comprised the Rule 23(b)(2) class previously certified by the court in the 2005 Certification Order, but excluding any such individuals who elect to opt out of the Class.

### C. *Fairness, Reasonableness and Adequacy*

"A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed

against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)).

The court finds that, at this preliminary stage, the terms of the settlement are fair, reasonable and adequate. This includes a finding that Class Counsel's request for attorneys' fees in the amount of one-third of the settlement amount is reasonable. The Stipulation of Settlement, attached hereto as Court Exhibit 1, shall be preliminarily approved.

### *D. Notice*

The notice which shall be given to the Class members must comply with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), which, in part, provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
> - the nature of the action,
> - the definition of the class certified,
> - the class claims, issues, or defenses,
> - that a class member may enter an appearance through
> 
> counsel if the member so desires,

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Additionally, the notice must advise Class members about Class Counsel's motion for award of attorneys' fees under Rule 54(d)(2). Fed. R. Civ. P. 23(h)(1).

The court finds that Class Counsel's plan to provide individual notice through first class mail to the Class members' last known addresses provides the "best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Moreover, the proposed notice form contains all of the information required by Rule 23(c)(2)(B), Rule 23(e) and Rule 23(h)(1). The court shall direct Class Counsel to mail individual notices to Class members by August 30, 2006, by first class U.S. mail, postage prepaid.[1] The notices shall be sent to the last known address as indicated by GMACM's records and as updated by Class Counsel's searches for current addresses.

### E. Scheduling a Fairness Hearing

Rule 23 also provides that "[t]he court may approve a settlement . . . that would bind class members *only after a hearing* and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C) (emphasis added). Therefore, the court shall schedule a fairness hearing after the Class members have been given ample notice and opportunity to participate in the fairness hearing. The Class members will be

---

[1] The court notes that the proposed notice contains at least two typographical errors. First, in paragraph 5, the parties should add a period at the end of the paragraph. Second, the parties should correct the first sentence in paragraph 13 to read, in part: "In addition to its rights under Paragraphs 11 and 12 above," rather than referring to "Paragraphs 11 and 11 above."

8

given an opportunity to object to the proposed settlement. *See* Fed. R. Civ. P. 23(e)(4)(A).

## *IV. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED**:

(1) The parties' Joint Motion for an Order (docket no. 57) is hereby **GRANTED**;

(2) The Class **CERTIFIED** pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), consists of those eighty-three former employees of GMAC Mortgage Group, Inc., who were laid off on September 16, 2003, for six months or longer and who comprised the Rule 23(b)(2) class previously certified by the court on May 2, 2005, excluding any individuals who elect to opt out of the Class;

(3) The Stipulation of Settlement attached hereto as Court Exhibit 1 is preliminarily **APPROVED** pursuant to Federal Rule of Civil Procedure 23(e)(1)(A);

(4) The form of the notice as proposed in the Joint Motion for an Order is **APPROVED**;

(5) The notices shall be mailed by Class Counsel as set forth herein by **August 30, 2006**;

(6) The court shall conduct a final Fairness Hearing on the proposed Stipulation of Settlement at **3:30 p.m. on October 12, 2006**, in the Third Floor Courtroom of the United States Courthouse in Cedar Rapids, Iowa. Objections or other responses by Class members to the proposed settlement are to be mailed to the Clerk of Court and to counsel and postmarked by no

later than **September 28, 2006**, as specified in paragraph 16 of the proposed notice; and

(7) The September 26, 2006 trial date in this matter shall be continued to the two-week period beginning on **November 20, 2006.**

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA