# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARYANNA JOHNSON and RHEANON R. LEVERINGTON, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | No. 04-CV-2004-LRR |
| vs. | |
| GMAC MORTGAGE GROUP, INC., | **ORDER** |
| Defendant. | |

_____

The matter before the court is the Joint Motion for final approval of the Stipulation of Settlement ("Joint Motion"),[1] filed by Plaintiffs Maryanna Johnson and Rheanon R. Leverington (collectively the "Class Representatives"), on behalf of themselves and all others similarly situated (collectively the "Class"), and Defendant GMAC Mortgage Group, Inc. ("GMACM"). (docket no. 57).

## *I. PROCEDURAL HISTORY*

On May 19, 2006, the parties filed the instant Joint Motion. On August 21, 2006, the court preliminarily approved the parties' Stipulation of Settlement (including attorneys' fees) and the form and manner of notice of the class action settlement. The court also

---

[1] The full title of the Joint Motion is "Joint Motion for an Order (1) certifying a class under Fed. R. Civ. P. 23(b)(3); (2) preliminarily approving Stipulation of Settlement including class counsel's attorneys' fees; (3) approving the form and manner of notice to class members of the right to opt-out of or object to the proposed settlement concerning WARN Act class claims; (4) scheduling a fairness hearing for the final consideration and approval of the Stipulation of Settlement including class counsel's attorneys' fees; and (5) approving the Stipulation of Settlement following the fairness hearing." (docket no. 57).

On August 21, 2006, the court filed an order (docket no. 58) in which it ruled on the first four issues in the Joint Motion. The instant order pertains to the final issue raised in the Joint Motion.

scheduled a fairness hearing. The court incorporates by reference the August 21, 2006 order ("Prior Order").

On September 1, 2006, documents entitled "Notice of Proposed Settlement of Class Action, Right to Object to the Proposed Settlement, and Fairness Hearing" ("Notice") were mailed to all members of the Class. (*See* docket no. 59). The Prior Order and Notice required members of the Class to postmark their exclusion forms and/or objections by September 28, 2006. (*See* docket no. 58-1, at 9-10, ¶ 6; docket no. 59-2, ¶¶ 16 & 19).

On October 5, 2006, the court ordered the parties to submit a proposed order regarding the fairness of the settlement. On October 10, 2006, the court received an email containing the parties' proposed joint order.

On October 12, 2006, the court held the final fairness hearing. Attorney Rene S. Roupinian ("Class Counsel") represented the Class Representatives and the Class. Attorneys Mark A. Zaiger and Jamie M. Kohen represented GMACM. The court finds the matter fully submitted and ready for decision.

## II. ANALYSIS

### A. *Fairness, Reasonableness and Adequacy of Stipulation of Settlement*

"A district court is required to consider four factors in determining whether a settlement is fair, reasonable and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *In re Wireless Tel.*, 396 F.3d at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)). Importantly, the court should act

as a fiduciary and "serv[e] as a guardian of the rights of absent class members." *Id.* at 932.

### 1. Merits of the Plaintiffs' case versus the terms of the settlement

Plaintiff's case hinges on whether there was a "mass layoff" and, specifically, whether the Fisher Building and the Hammond Building constitute a "single site of employment" under the WARN Act. *See* 29 U.S.C. § 2101, *et seq.*; 20 C.F.R. § 639.3. In interpreting the WARN Act, the Eighth Circuit Court of Appeals stated:

> In order for non-contiguous sites to be deemed a 'single site,' there must be some connection between the sites beyond that of common ownership . . . non-contiguous sites in the same geographic area which do not share the same staff or operational purpose should not be considered a single site. For example, assembly plants which are located on opposite sides of a town and which are managed by a single employer are separate sites if they employ different workers.

*Rifkin v. McDonnell Douglas Corp.*, 78 F.3d 1277, 1280 (8th Cir. 1996) (citing 20 C.F.R. § 639.3(i)(4)). The court has not heard argument or received evidence relating to this issue, therefore the issue could go either way and the outcome of the litigation is far from certain. *In re Wireless Tel.*, 396 F.3d at 933 (determining that the district court's factual conclusion "that the outcome of the litigation would be far from certain" was not an abuse of discretion). The parties admit as much in their Joint Motion:

> Based on its review of the documents and Interrogatory responses, Class Counsel concluded that there was a substantial risk that the Court would determine that the Fisher and Hammond buildings constituted a "single site of employment" under the WARN Act, and that accordingly a "mass layoff" did not occur under the WARN Act.

(docket no. 57, ¶ 13).

The terms of the settlement provide that each class member will receive $1,060 and each class representative will receive an additional $1,000. In exchange for these

3

payments, the members of the Class and the Class Representatives will release and discharge GMACM from any and all claims. If the Class Representatives were to succeed on their claim under the WARN Act, each member of the Class would receive sixty days worth of accrued wages and benefits. *See* 29 U.S.C. § 2104(a) (providing for back pay and benefits for "a maximum of 60 days" when an employer violates 29 U.S.C. § 2102).

Upon a careful review of both the merits of the case and the terms of the settlement, the court finds that the Stipulation of Settlement provides "substantial benefits to the class." *Van Horn v. Trickey*, 840 F.2d 604, 608 (8th Cir. 1988) (citation omitted); *see also In re Wireless Tel.*, 396 F.3d at 932-33 ("The district court need not make a detailed investigation consonant with trying the case . . . ."). Accordingly, this factor weighs in favor of approval of the Stipulation of Settlement.

### 2. *GMACM's financial condition*

The parties have provided the court with no information regarding GMACM's financial condition. Therefore, the court assumes that GMACM can afford to pay the proposed settlement amount. The court also assumes that GMACM has the wherewithal to pay the costs and fees involved in protracted class action litigation. Accordingly, this factor is not significant and weighs neither in favor of nor against approval of the Stipulation of Settlement.

### 3. *Complexity and expense of further litigation*

This does not appear to be a case in which further litigation would be extremely complex. The issue of whether two buildings constitute a single site of employment under the WARN Act is a fairly self-contained issue. It does not appear to be, for example, similar to a complex patent infringement issue, which would take years to litigate. The court notes, however, that the layoff occurred over three years ago—in September of 2003—and Plaintiffs filed the complaint in January of 2004. Discovery and scheduling matters have consumed resources of the court and litigants. If the litigation continues,

more time and resources will be expended.  Accordingly, this factor weighs in favor of approval of the Stipulation of Settlement.

### 4. *Opposition to the settlement*

There is no opposition to the settlement.  The court received no objections from the eighty-three members of the Class.  Only three individuals opted out of the Class:  Kellaine Jensen, Mandy Matejka and Lisa Schwickerath.  Therefore, this factor weighs heavily in favor of approval of the Stipulation of Settlement.

### B. Attorneys' Fees

The court also finds that Class Counsel's request for attorneys' fees in the amount of one-third of the settlement amount is reasonable.  The Eighth Circuit has approved "the percentage-of-recovery methodology to evaluate attorneys' fees in a common-fund settlement."  *In re U.S. Bancorp Litigation*, 291 F.3d 1035, 1038 (8th Cir. 2002) (holding that a district court's awarding of attorney's fees amounting to 36% of the settlement fund did not constitute an abuse of discretion).  The court has reviewed Class Counsel's representations, specifically, that their "legal fees at their customary hourly rate total over $60,000 and that Class Counsel has kept detailed daily time records describing the activity and time spent."  (docket no. 58-2, ¶ 5).  The court finds that such attorneys' fees are appropriate.

### III. CONCLUSION

Having considered the relevant factors, the court finds that the Stipulation of Settlement is fair, reasonable and adequate.  It shall grant it final approval.  For the foregoing reasons, it is hereby **ORDERED**:

(1) The parties' Joint Motion (docket no. 57) is **GRANTED**;

(2) The Clerk of Court is directed to fully satisfy the Joint Motion;

(3) The Stipulation of Settlement (docket no. 58-2) is **APPROVED** pursuant to Federal Rule of Civil Procedure 23(e);

(4) The Class does not include Kellaine Jensen, Mandy Matejka and Lisa Schwickerath, because such individuals chose to opt out of the Class;

(5) The Class shall recover from GMACM the amount provided in paragraphs 4 through 8 of the Stipulation of Settlement, that is, an amount up to One Hundred Thirty-Five Thousand Dollars ($135,000);

(6) GMACM is released from all claims by the Class with respect to the WARN Act; and

(7) Attorneys' fees and expenses of Class Counsel are approved as provided in the Stipulation of Settlement.

**IT IS SO ORDERED.**

**DATED** this 13th day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA